J-S19036-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| MOHAMMED ABDUL RAHMAN KHAN | : | |
| | : | |
| Appellant | : | No. 1416 MDA 2016 |

Appeal from the PCRA Order August 22, 2016
In the Court of Common Pleas of Berks County
Criminal Division at No(s):  CP-06-CR-0000706-2014

BEFORE:   GANTMAN, P.J., BENDER, P.J.E. and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:               **FILED APRIL 12, 2017**

Appellant Mohammed Abdul Rahman Khan appeals the order of the Court of Common Pleas of Berks County denying his petition pursuant to the Post Conviction Relief Act ("PCRA").[1]  Appellant argues that his direct appeal rights should be reinstated as he alleges that his counsel was ineffective in failing to file a direct appeal.  After careful review, we affirm.

On December 11, 2015, Appellant pled guilty to unlawful administration/dispensing/delivery/gift/prescription of a controlled substance by a practitioner,[2] insurance fraud,[3] and criminal conspiracy.[4]  Appellant was

---

[*] Former Justice specially assigned to the Superior Court.
[1] 42 Pa.C.S. §§ 9541-9546.
[2] 35 Pa.C.S. § 780-113(a)(14).
[3] 18 Pa.C.S. § 4117(a)(3).
[4] 18 Pa.C.S. § 903.

represented by Allan Sodomsky, Esq. during the plea agreement process. On the same day, the lower court sentenced Appellant to an aggregate term of two to four years' incarceration to be followed by five years' probation. The individual sentences imposed were at or below the bottom of the mitigated range recommended by the sentencing guidelines.

Appellant subsequently filed a *pro se* motion entitled "Motion for Modification or Reconsideration of Sentence," in which he asserted that he received an excessive sentence. The motion was dated December 17, 2016 and docketed December 21, 2016. The record shows that Appellant's motion was mailed to Atty. Sodomsky on December 23, 2016. On December 29, 2015, the lower court denied the motion as improper hybrid representation as Appellant was still represented by counsel. The order, which was also sent to Atty. Sodomsky, indicated that "all motions, petitions, and requests for relief must be made by counsel of record in order to be considered by this Court." Order, 12/29/15, at 1. On January 8, 2016, Appellant filed a motion entitled "Acceptance of Defendant to Proceed as *Pro Se* Petitioner," asking for permission to represent himself. Atty. Sodomsky did not respond to either of Appellant's filings.

On January 27, 2016, Appellant submitted another *pro se* filing, which the lower court treated as a PCRA petition. The PCRA court appointed Osmer S. Deming, Esq., who assisted Appellant in filing an amended petition alleging the ineffectiveness of plea counsel in failing to file a direct appeal and seeking the reinstatement of Appellant's direct appellate rights.

- 2 -

On July 5, 2016, the PCRA court held an evidentiary hearing. Appellant testified that he asked Atty. Sodomsky to file an appeal on several occasions. First, Appellant asserts that he asked for an appeal immediately after his sentence was imposed, but Atty. Sodomsky told Appellant that he did not have a "reason for appeal." Notes of Testimony (N.T.), PCRA Hr'g, 7/5/16, at 5. Second, Appellant alleged that he asked Atty. Sodomsky to appeal during counsel's visit to the Berks County Jail, but felt that Atty. Sodomsky did not take him seriously; Appellant alleges that Atty. Sodomsky told him "if you don't appeal within 10 days' time, that will be it." N.T. at 6.

Appellant interpreted this comment as Atty. Sodomsky refusing to file an appeal; thus, Appellant filed a *pro se* motion for reconsideration within ten days of his sentencing. After this motion was denied and forwarded to Atty. Sodomsky, Appellant also claimed to have sent Atty. Sodomsky a letter asking for him to file a counseled appeal.

Atty. Sodomsky presented a different account of the events, testifying that he knew Appellant was "unhappy with the sentence" but claimed Appellant never asked him to file an appeal. N.T. at 22. Atty. Sodomsky believed Appellant did not have any issues of arguable merit to appeal as Appellant had received lenient sentences at the bottom or below the mitigated range of the sentencing guidelines. He recalled telling Appellant that a sentence of two to four years' imprisonment was "a gift from the Court" given the extensive charges Appellant faced and the fact that the Attorney General's office was only willing to agree to a minimum sentence of

three to seven years' imprisonment. N.T. at 22. On cross examination, the prosecutor asked Atty. Sodomsky if he believed Appellant wanted to challenge his sentence after receiving his *pro se* motion for reconsideration. Atty. Sodomsky replied, "[a]fter the fact, yes, at which point he was out of time and chose to do it without me." N.T. at 22-23. On August 22, 2016, the PCRA court denied Appellant's petition. This timely appeal followed.

In reviewing the lower court's decision to deny Appellant's PCRA petition, we examine whether the PCRA court's determination "is supported by the record and free of legal error." ***Commonwealth v. Mitchell***, --- Pa. ---, 141 A.3d 1277, 1283–84 (2016). In order to be eligible for PCRA relief, the petitioner must prove by a preponderance of the evidence that his conviction or sentence resulted from one or more of the enumerated circumstances found in 42 Pa.C.S. § 9543(a)(2), which includes the ineffective assistance of counsel.

In ***Commonwealth v. Donaghy***, 33 A.3d 12, 15 (Pa.Super. 2011), this Court outlined the specific circumstances under which a defendant is entitled to the reinstatement of his or her appellate rights due to the ineffectiveness of counsel in failing to file a notice of appeal. First, if a defendant clearly requests an appeal and counsel fails to file one, counsel will be found ineffective as the defendant is presumptively prejudiced by counsel's inaction. ***Id***. (citing ***Commonwealth v. Lantzy***, 558 Pa. 214, 736 A.2d 564 (1999)).

Second, if the defendant did not clearly articulate to counsel whether he wished to file an appeal, the defendant asserting a claim of ineffectiveness of counsel is entitled to the reinstatement of his appellate rights if he can show "(1) counsel's representation fell below an objective standard of reasonableness, and (2) counsel's deficient performance prejudiced the defendant." *Id*. (quoting *Roe v. Flores–Ortega*, 528 U.S. 470, 477, 120 S.Ct. 1029, 1034, 145 L.Ed.2d 985 (2000)).

With regard to the reasonableness of counsel's representation, the Supreme Court of the United States has held that counsel "has a constitutionally-imposed duty to consult with his client about an appeal when there is reason to think either (1) that a rational defendant would want to appeal ..., or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Flores-Ortega*, 528 U.S. at 480, 120 S.Ct. at 1036. The High Court defined the term "consult" to mean "advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." *Id.* at 478, 120 S.Ct. 1035.

Further, the Court emphasized that even if a defendant can establish his counsel had a constitutionally imposed duty to consult and failed to do so, the defendant must prove he was prejudiced by counsel's inaction by demonstrating "there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Id.* at 484, 120 S.Ct. 1038. "[T[he question whether a given

- 5 -

defendant has made the requisite showing will turn on the facts of a particular case." *Id.* at 485, 120 S.Ct. 1039.

Turning to the instant case, we begin by recognizing that we must defer to the PCRA court's credibility determinations as the lower court had the ability to assess the witnesses' demeanor. *Donaghy*, 33 A.3d at 16. In denying Appellant's PCRA petition, the PCRA court provided the following:

> At the hearing in this matter, we had the opportunity to closely observe both [Appellant] and his plea counsel when testifying about these events. Counsel emphatically testified that [Appellant] never requested that he file such an appeal. He also testified that he explained to [Appellant] that the sentence imposed was much "lighter" that he had expected under the circumstances. It must be remembered that [Appellant] in this case was charged with defrauding both the Commonwealth and insurance companies out of millions of dollars while at the same time unlawfully prescribing potentially harmful controlled substances to "patients" that he must have known were abusing them.
>     We find [Appellant's] testimony to be incredible. His assertion that he requested counsel in writing to file an appeal of his sentence is seriously belied by the fact that no such writing was produced in evidence. It is inconceivable that it would not have been introduced if it in fact existed.

PCRA Opinion, 8/22/16, at 3. As such, we defer to the PCRA court's finding that Appellant did not ask Atty. Sodomsky to file an appeal.

Moreover, the circumstances of this case also lead us to uphold the PCRA court's finding that counsel acted reasonably in refraining from filing an appeal on Appellant's behalf. The parties agree that Atty. Sodomsky consulted with Appellant at a prison visit about filing an appeal and clearly set forth the disadvantages of filing a challenge to Appellant's sentence.

Atty. Sodomsky had a reasonable basis to believe that no rational defendant would want to file an appeal as the sentencing court imposed lenient terms of imprisonment and probation that were either at the bottom of the mitigated range of the sentencing guidelines or completely outside of the lower end of the guideline recommendations. Atty. Sodomsky was justified in believing that Appellant would not want to appeal his sentence which "was a good as [Appellant] could ever expect." N.T. at 18.

We also reject Appellant's claim that he reasonably demonstrated to counsel that he was interested in appealing such that counsel should be found ineffective in failing to further investigate Appellant's wishes. While Appellant claims the filing of his *pro se* motion for reconsideration should have alerted counsel to his desire for further review of his sentence, Appellant ignores Atty. Sodomsky's testimony that at the point he received the motion, Appellant was "out of time" to file an appeal. N.T. at 22-23.

Appellant's assertion that Atty. Sodomsky had ample time to file an appeal upon receipt of his post-sentence motion is mere speculation. We will not disturb the PCRA court's credibility determination that Atty. Sodomsky's testimony was credible and Appellant's testimony not credible. There is no basis in the record to overturn the PCRA court's finding that counsel adequately consulted with Appellant in deciding to refrain from filing an appeal. Accordingly, we conclude that the PCRA court properly denied Appellant's petition for collateral relief.

Affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/12/2017